**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN T. EDWARDS,

        Petitioner,                       Case Number: 2:06-CV-14210

v.                                         HONORABLE AVERN COHN

CAROL HOWES,

        Respondent.

_____/

**MEMORANDUM AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Steven T. Edwards (Petitioner) is a state inmate at the Lakeland Correctional Facility in Coldwater, Michigan, serving 3-1/2 to 15 years' imprisonment for a solicitation to commit murder conviction. Petitioner filed a *pro se* petition for a writ of habeas corpus claiming that his conviction was unconstitutionally obtained on various grounds. Respondent, through the Attorney General's office, filed a response, arguing that the petition is untimely, and that Petitioner's claims lack merit and/or are procedurally defaulted. Because the Court concludes that the petition was not timely filed, the petition will be denied.

II. Background

Petitioner pleaded guilty in Oakland County Circuit Court to solicitation of murder. He was sentenced on December 2, 1997, to 3-1/5 to 15 years' imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

Counsel's failure to file an interlocutory appeal from the denial of defendant's motion to dismiss for government entrapment denied defendant's due process.

The Michigan Court of Appeals denied leave to appeal. People v. Edwards, No. 216079 (Mich. Ct. App. Feb. 18, 1999). Petitioner did not seek leave to appeal in the Michigan Supreme Court. See Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court 3/1/07.

Almost five years later, in April of 2004, Petitioner filed a motion for relief from judgment in the trial court, raising the following claims:

> I. Trial counsel was ineffective when he failed to investigate and move for dismissal of charges against defendant where the issue is clear that defendant abandoned the solicitation to murder process, thus defendant is actually innocent of the crime for which he was convicted.
>
> II. Appellate counsel was ineffective in failing to raise ineffective assistance of trial counsel in trial counsel's failure to challenge the sufficiency of the evidence upon which charges were brought against defendant.

The trial court denied the motion. People v. Edwards, No. 96-143946 (Oakland County Cir. Ct. July 18, 2005).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the same claims raised in the motion for relief from judgment and the following additional claim:

> Defendant's constitutional right to due process was violated when the trial court failed to sufficiently address the issues presented in its findings of fact and conclusions of law.

The Michigan Court of Appeals denied leave to appeal. People v. Edwards, No. 265495 (Mich. Ct. App. Apr. 11, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court,

raising the same claims raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Edwards, No. 131049 (Mich. Aug. 29, 2006).

On September 19, 2006, Petitioner signed and dated the pending petition for a writ of habeas corpus, raising the following claims:

> I. Trial counsel was ineffective when he failed to investigate and move for dismissal of charges against Petitioner where the issue is clear that Petitioner abandoned the solicitation to murder process, thus Petitioner is actually innocent of the crime for which he was convicted.
>
> II. Appellate counsel was ineffective in failing to raise ineffective assistance of trial counsel in trial counsel's failure to challenge the sufficiency of the evidence upon which charges were brought against Petitioner.

### III. Analysis

Respondent argues that the petition should be denied because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

3

Here, Petitioner filed an application for leave to appeal his conviction to the Michigan Court of Appeals, which issued an order denying the appeal on February 18, 1999. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals' decision to file a delayed application for leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired fifty six days later, on April 15, 2000. See Redmond v. Jackson, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003); Brown v. McKee, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002); Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). The one year limitations period began running the following day, April 16, 2000, and continued to run uninterrupted until it expired on April 16, 2001.

In 2004, Petitioner sought state collateral review of his conviction by filing a motion for relief from judgment in the trial court. However, Petitioner's motion for relief from judgment was not filed until almost three years after the limitations period already had expired. Thus, Petitioner's motion did not toll the statute of limitations.

Petitioner, however, argues that he is actually innocent of the crime solicitation of murder. "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), citing Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001). Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." Souter

4

v. Jones, 395 F.3d 577, 600 (6th Cir. 2005).[1]  "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id.* at 602.  "[T]he threshold inquiry is whether 'new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'"  *Id.* at 590, quoting *Schlup v. Delo*, 513 U.S. 298, 317 (1995).  "[T]o be credible a gateway claim requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006) (internal quotation marks omitted).

Here, Petitioner presents no new, reliable evidence which would raise sufficient doubt about his guilt so as to undermine confidence in the validity of his guilty plea. Therefore, even assuming equitable tolling applies, see n. 1 supra, Petitioner's actual innocence claim is insufficient to warrant equitable tolling.

---

[1] The Court of Appeals for the Sixth Circuit has not yet addressed whether a claim of actual innocence may serve as the basis for equitable tolling in a guilty plea case.  Other Circuits have held that claims of actual innocence are generally waived by a guilty or no contest.  See U.S. v. Dungee, 228 Fed. Appx. 298, 303 (4th Cir. 2007); Nagele v Lewis, 1989 WL 74787, *2 (9th Cir. 1989).  However, district courts in this Circuit have issued conflicting decisions as to whether a claim of actual innocence is waived in a guilty plea case where the actual innocence claim is asserted as a basis for equitable tolling.  Compare Starks v. U.S., 2007 WL 1469412, * 7 (N.D. Ohio May 16, 2007) (unpublished) (holding that guilty plea precluded claim of actual innocence in support of claim for equitable tolling), with Hudach v. Money, 2007 WL 1560551, * 4 (N.D. Ohio May 25, 2007) (unpublished) (holding that a petitioner may claim actual innocence as a basis for equitable tolling in the context of a guilty plea).  Because, in this case, Petitioner fails to assert a credible claim of actual innocence, the Court need not decide this issue.

IV. Conclusion

For the reasons stated above, Petitioner failed to file his habeas petition within the applicable one-year limitations period, and that equitable tolling of the limitations period is not warranted.

Accordingly, the petition for a writ of habeas corpus is DENIED. This case is DISMISSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2008

I hereby certify that a copy of the foregoing document was mailed to Steven Edwards 251219, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 the attorneys of record on this date, June 16, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160