**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVEN T. EDWARDS,

        Petitioner,                               Case Number: 2:06-CV-14210

v.                                                   HONORABLE AVERN COHN

CAROL HOWES,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Steven T. Edwards (Petitioner) is a state inmate at the Lakeland Correctional Facility in Coldwater, Michigan, serving 3-1/2 to 15 years' imprisonment for a solicitation to commit murder conviction. Petitioner filed a *pro se* petition for a writ of habeas corpus claiming that his conviction was unconstitutionally obtained on various grounds. The Court dismissed the petition on the grounds that Petitioner failed to comply with the one-year statute of limitations. See Order filed June 16, 2008. Before the Court is Petitioner's motion for a certificate of appealability. For the reasons that follow, the motion will be denied.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120

S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Where a petitioner files a notice of appeal, the Court must issue an order granting or denying a certificate of appealability. See Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

### III.

In his motion, Petitioner seeks a certificate of appealability related to the Court's conclusion that the petition is time barred. Petitioner particularly argues that the Court

failed to adequately explain why Petitioner was not entitled to equitable tolling of the statute due to his claim of actual innocence. As explained in the Court's June 18, 2008 order, Petitioner failed to present new, reliable evidence which would raise sufficient doubt about his guilt so as to undermine confidence in the validity of his guilty plea. Petitioner's motion for a COA likewise fails to present such evidence. As such, he has not made out a claim for equitable tolling. Reasonable jurists would not debate this conclusion or find that the petition should proceed further. Accordingly, a COA is DENIED.

SO ORDERED.

       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: July 2, 2008

I hereby certify that a copy of the foregoing document was mailed Steven Edwards, 251219, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 and to the attorneys of record on this date, July 2, 2008, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160